NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1064

COMMONWEALTH

vs.

JOSE J. RODRIGUEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of assault and battery causing serious bodily injury, which was a lesser included offense of the originally indicted charge of assault and battery by means of a dangerous weapon causing serious bodily injury.  On appeal, he raises a variety of claims which lack merit, and we accordingly affirm his conviction.

1.  Gang affiliation and bias.  The defendant claims the judge erred by foreclosing inquiry of a witness regarding her gang affiliation to establish her potential bias.[1]  The defendant maintains that this restriction on his cross-examination violated his right to confrontation.  We disagree.

---

[1] The defendant raised the issue in a motion in limine, which the judge denied.  Although the motion sought leave to impeach both the victim and the witness, the victim did not testify and, thus, there is no remaining claim relative to him.

"The Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights entitle a defendant to cross-examine prosecution witnesses for bias or prejudice." Commonwealth v. Chicas, 481 Mass. 316, 320 (2019). A judge may not "bar all inquiry into the subject" when the defendant makes a "plausible showing" of "alleged bias." Commonwealth v. Moorer, 431 Mass. 544, 547 (2000), quoting Commonwealth v. Bui, 419 Mass. 392, 400-401, cert. denied, 516 U.S. 861 (1995). Absent a plausible showing of bias, "the judge may restrict or entirely exclude the inquiry." Chicas, supra. Indeed, a judge may limit cross-examination based on concerns of, among others, "prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." Commonwealth v. Johnson, 431 Mass. 535, 540 (2000).

Here, the defendant failed to make a plausible showing of bias relative to the witness and gang activity. The defendant offered mere speculation about the witness's claimed gang ties, through a nine year old Federal Bureau of Investigation press release, which purported to show that she had been arrested for a drug offense along with members of the "Latin Kings" gang. The defendant also offered another press release which indicated that the victim's son had pleaded guilty in connection with a Federal prosecution of the "Latin Kings" in New Bedford.

2

The proffered basis for the witness's potential bias was attenuated and grounded in speculation. Moreover, as in Bui, 419 Mass. at 401, the connection between the witness and the "Latin Kings" was too removed and "tenuous" to show that the witness would lie while on the stand because of the connection. Finally, there was no evidence or suggestion that the victim was aware of the witness's claimed gang ties. It was not an abuse of discretion for the judge to foreclose the inquiry regarding claimed gang affiliation.

2. Jury instructions. The defendant claims, for the first time on appeal, that the judge invaded the province of the jury when he instructed them that if they determined that the Commonwealth had not proved the greater offense, then the Commonwealth had proved the lesser included offense. We disagree.

"Our review of claimed jury instruction errors requires us to 'evaluate the instruction as whole, looking for the interpretation a reasonable juror would place on the judge's words.'" Commonwealth v. Coutu, 88 Mass. App. Ct, 686, 698 (2015), quoting Commonwealth v. Trapp, 423 Mass. 356, 361, cert. denied, 519 U.S. 1045 (1996). "We do not consider bits and pieces of the instruction in isolation." Commonwealth v. Young, 461 Mass. 198, 207 (2012).

As part of his claim, the defendant sets out three instructions on lesser included offenses. The one that is relevant here, and upon which the defendant was convicted, is the following:

> "If the Commonwealth has proved beyond a reasonable doubt all the other requirements through the charge of assault and battery with a dangerous weapon causing serious bodily injury but has not proved that the defendant touched [the victim] with a dangerous weapon, then the Commonwealth has proved the lesser included offense of assault and battery causing serious bodily injury."

According to the defendant, this instruction was "muddled and confusing," included facts found by the judge and his opinion, and "compelled the jury to find guilt." The defendant's claim, however, requires us to read bits and pieces of the instruction out of context, and to ignore what the judge actually instructed. We decline the invitation.

Simply enough, the judge explained that the consequence of the jury finding all the elements of assault and battery causing serious bodily injury, but not finding that the defendant employed a dangerous weapon, was that the defendant was guilty of the lesser included offense. This was a correct statement of the law. The judge subsequently instructed the jury to "not misinterpret any of [the] instructions as suggesting any opinion on what the facts of the case are or what [the jury's] verdict should be." When the judge's jury instructions are viewed as a whole, no reasonable juror could have improperly interpreted it

4

as the defendant now suggests.  As there was no error, there was no risk that justice miscarried.

3.  Missing witness instruction.  The defendant also claims that the judge erred by declining to give a missing witness instruction relative to the victim.  The judge noted the defendant's objection on the matter.  In this posture, we review for prejudicial error.  There was none.

"The decision to provide a missing witness instruction to the jury is 'within the discretion of the trial judge, and will not be reversed unless the decision was manifestly unreasonable.'"  Commonwealth v. Figueroa, 79 Mass. App. Ct. 389, 400 (2011), quoting Commonwealth v. Saletino, 449 Mass. 657, 667 (2007).  "A missing witness instruction is appropriate when a party 'has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case,' and the party, without explanation, fails to call the person as a witness." Figueroa, supra, quoting Saletino, supra.

Here, the prosecutor informed the judge that the police had difficulty locating the victim throughout the pendency of the case.  They searched for him at his last known address, left a summons for his appearance, and sought to determine if he was incarcerated.  The prosecutor also voiced a concern that the

5

victim might assert a Fifth Amendment to the United States Constitution privilege if he were called to testify and indicated to the judge that the victim had been hostile towards the Commonwealth's prosecution throughout the case. Under these circumstances, the judge's refusal to give a missing witness instruction was not manifestly unreasonable.

4. Bowden <u>instruction</u>. The defendant also claims that the judge abused his discretion by refusing to instruct the jury that they could draw a negative inference against the Commonwealth based on inadequacies in the police investigation. See <u>Commonwealth</u> v. <u>Bowden</u>, 379 Mass. 472, 485-486 (1980). We disagree.

<u>Bowden</u>'s only mandate is that a judge may not prevent a defendant from arguing a defense based on the inadequacy of the police investigation. See <u>id</u>. Trial judges are not required to give <u>Bowden</u> instructions. See <u>Commonwealth</u> v. <u>Lao</u>, 460 Mass. 12, 23 (2011); <u>Commonwealth</u> v. <u>Daye</u>, 411 Mass. 719, 740-741 (1992).

Here, while the judge declined to give the requested instruction, he expressly told defense counsel that he was free to argue the matter to the jury, which defense counsel later did. There was neither error, nor an abuse of discretion.

5. <u>Prosecutor's closing argument</u>. Next, the defendant claims that the prosecutor's closing argument, in which she

6

posed a variety of rhetorical questions, improperly shifted the burden of proof to the defendant, and exploited the defendant's decision not to testify.  The defendant also claims that the prosecutor's closing argument made an improper appeal to sympathy.  Both claims were preserved by objections, but neither has merit.[2]

The defendant's first claim focuses on the following portion of the prosecutor's argument:

"If [the defendant is] so concerned about his personal safety, death or [that] serious bodily injury is imminent, wouldn't he just get in his car and go.

. . .

"Is it reasonable that if this defendant was in fear of death or serious bodily injury, he wouldn't just get into his car and go.  No.  He pulls a knife and then surreptitiously, he doesn't brandish it and say, oh, get away from me and I'm afraid and run to my car."

Because the defendant preserved his claims by timely objections, we must review for prejudice.  An error is nonprejudicial only if we are "sure that the error did not influence the jury, or

---

[2] In an argument heading and in a single introductory sentence, the defendant also states that the judge's denial of his motion for a mistrial was an abuse of discretion, but he fails to make an argument to that effect in his brief.  In that posture, the claim is waived.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  However, given our resolution of the closing argument claims, the judge did not abuse his discretion in denying the request for a mistrial or to otherwise cure the prosecutor's argument.

had but very slight effect" (citation omitted). Commonwealth v.
Flebotte, 417 Mass. 348, 353 (1994).

Contrary to the defendant's claim, the prosecutor's
argument was a request for the jury to evaluate the defendant's
conduct as it was depicted on the surveillance video. As the
judge noted when he overruled the objection and denied the
request for a mistrial, the prosecutor was arguing the reasons
why the jury should reject the self-defense claim. See
Commonwealth v. Williams, 450 Mass. 879, 888-889 (2008). That
was the context of the argument. See Commonwealth v. Allison,
434 Mass. 670, 687 (2001). The prosecutor neither commented on
the defendant not testifying, nor shifted the burden of proof.

The defendant also claims that it was improper for the
prosecutor to argue that the defendant nearly "chopped . . .
off" the victim's ear as that was not supported by the evidence,
and because that was an improper appeal to sympathy. We
disagree. The evidence showed that the victim suffered a five-
centimeter laceration to his right ear, and a piece of his ear
was missing, which left him deformed. The prosecutor's argument
was based on a fair inference from the evidence, and it was not
an appeal to sympathy. See Commonwealth v. Rutherford, 476
Mass. 639, 644 (2017) ("jury are presumed to understand that
prosecutor is advocate, and statements that are [e]nthusiastic
rhetoric, strong advocacy, and excusable hyperbole" do not

8

require reversal [quotation and citation omitted]).  Because there was no error, there was no improper influence on the jury.

6.  Impeachment evidence.  Finally, the defendant claims that the judge abused his discretion by allowing the Commonwealth's motion in limine to permit, if the defendant chose to testify, impeachment of him with his prior conviction for threatening to commit a crime.  We disagree.

Under G. L. c. 233, § 21, a defendant's prior convictions may be used to impeach his credibility but not "for the purpose of establishing the defendant's bad character or propensity to commit the crime charged."  Commonwealth v. Daley, 439 Mass. 558, 563 (2003).  We review to determine whether the judge abused his discretion.[3]  See Commonwealth v. Little, 453 Mass. 766, 772 (2009).  In making that assessment, we consider various factors, including whether the required balancing test was conducted, and whether the prior convictions are "substantially similar" to the crimes for which the defendant is on trial.  Id. at 773.  It is "difficult, if not impossible, to show an abuse of discretion" where the earlier and current crimes are not substantially similar.  Commonwealth v. Brown, 451 Mass. 200,

---

[3] An abuse of discretion occurs where the judge makes "a clear error of judgment in weighing factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

9

203 (2008), quoting Commonwealth v. Drumgold, 423 Mass. 230, 250 (1996).

Here, the Commonwealth's motion in limine offered two certified prior convictions for impeachment. The first was for threatening to commit a crime, and the second was for assault. At the hearing, the judge carefully employed the correct legal standard. Among other things, he probed the factors of timeliness[4] and similarity. The defendant agreed that both prior convictions were timely but argued that they were too similar. As he does on appeal, the defendant argued that even though he was not on trial for making threats, it was alleged that he threatened to kill everyone inside and outside the store where the assault of the victim occurred. After performing a proper balancing of probative value and prejudicial effect, the judge exercised his discretion and agreed that the assault was too similar to the crime for which the defendant was on trial but ruled that the threats conviction could be fodder for impeachment.[5] There was no abuse of discretion as the judge's

_____

[4] Pursuant to G. L. c. 233, § 21, witnesses may be impeached with prior convictions, subject to strict timing limitations -- five years for a misdemeanor and ten years for a felony.

[5] The defendant also claims that "[i]ntroduction of the prior conviction for [a]ssault would have painted [the defendant] as a bad person with a propensity toward violence." However, the judge did not permit the use of the assault conviction because it was too similar to the crime being tried.

decision fell comfortably inside the range of reasonable alternatives.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

                              Judgment affirmed.

                              By the Court (Meade,
                                Desmond & Hand, JJ.[6]),

                              *Joseph F. Stanton*

                              Clerk


Entered:   February 28, 2023.

---

[6] The panelists are listed in order of seniority.

11